IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MY VAN TRAN, | ) | CASE NO. 1:16 CV 637 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| BOBBY BOGAN, JR., | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of My Van Tran for a writ of habeas corpus under 28 U.S.C. § 2254.[2] My[3] is currently incarcerated by the State of Ohio at Madison Correctional Institution in London, Ohio.[4] He is there serving an aggregate term of 19 years in prison which was imposed in 2013 by the Cuyahoga County Court of Common Pleas after My was convicted at a jury trial of aggravated robbery and other offenses.[5]

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge Patricia Gaughn in a non-document order entered on May 23, 2016.

[2] ECF # 1.

[3] The State refers to the petitioner as "Tran" throughout its briefing (as is true in the state court record), obviously with the view that because this name is last in the name sequence this is his surname or family name. But, the petitioner is Vietnamese and in that language the surname is first in order of the name series. *See*, adoptvietnam.org/vietnamese/names-family.htm. Thus, properly rendered, the petitioner's surname is My, as he consistently states in his filings. In conformity with proper usage in the Vietnamese language, the petitioner is referred to in this document as My.

[4] http://www.drc.state.oh.us/OffenderSearch.

[5] ECF # 1.

The State now moves to dismiss the petition as time-barred.[6] My has responded in opposition to that motion.[7] My has also filed an objection to the State's filing of the state court record,[8] to which the State has not responded.

For the reasons that follow, I will recommend granting the State's motion to dismiss, which will have the effect of rendering moot My's objection to the filing of the record.

## Facts

The facts relevant to the present motion to dismiss are not extensive and are not disputed. After My was convicted and sentenced in 2013, he filed a timely appeal with the Ohio court of appeals, which, on May 1, 2014, overruled all My's assignments of error, affirming his conviction and sentence.[9] My did not then file a timely appeal with the Supreme Court of Ohio. Instead, more than a year later on August 5, 2015, My sought to re-open his appeal claiming that his appellate counsel had failed to argue that the trial translator was deficient.[10] My stated to the appeals court in support of his untimely motion to re-open that he was late in making this application to re-open because he was not timely given copies of the trial transcript.[11] The court of appeals denied the motion to re-open, finding that an

---

[6] ECF # 14.

[7] ECF # 15.

[8] ECF # 16.

[9] ECF # 14 at 3-4 (citing record).

[10] *Id*. at 4 (citing record).

[11] *Id.* (citing record).

appellant's lack of a separate transcript is not a good reason for a delay where a transcript had been prepared in the case and was filed by counsel with the court as part of the direct appeal.[12]

My then sought leave from the Ohio Supreme Court to file a delayed appeal from the denial of his original direct appeal.[13] Without a response from the State, the Ohio Supreme Court on February 10, 2016 denied My's motion to file a delayed appeal and dismissed the case.[14] My filed the present petition for federal habeas relief March 11, 2016.[15]

## Analysis

**A.    Standards of review**

*1.    Habeas time limitation and equitable tolling*

AEDPA's one-year limitations period is not a jurisdictional bar and is subject to equitable tolling in certain instances.[16] But a petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[17] Equitable tolling

---

[12] *Id.* at 5 (citing record).

[13] *Id.*

[14] *Id.*

[15] ECF # 1.

[16] *See*, *Holland v. Florida*, 560 U.S. 631, 645 (2010).

[17] *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also*, *Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir.2010) (quoting *Holland*, 560 U.S. at 644-648).

should be applied "sparingly"[18] and decided on a "case-by-case basis."[19] Further, although "the party asserting statute of limitations as an affirmative defense has the burden of demonstrating that the statute has run," the petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling.[20]

## 2.     *Actual innocence*

A petitioner who cannot excuse a procedural default by showing cause and prejudice may still obtain federal habeas review of the defaulted claims if he can show through new evidence that his case fits within a narrow class of cases where a constitutional violation has probably resulted in a conviction of one who is actually innocent.[21] A petitioner claiming actual innocence must show, in light of new and reliable evidence that was not presented at trial, that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt.[22]

---

[18] *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006).

[19] *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir.2005) (reversed on other grounds).

[20] *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

[21] *Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

[22] *Schlup v. Delo*, 513 U.S. 298, 324-27; *Hargrave-Thomas v. Yukins*, 374 F.3d 383, 389 (6th Cir. 2004).

Actual innocence means "factual innocence, not mere legal insufficiency."[23] Moreover, the petitioner must show actual innocence as to those counts that were dismissed during plea bargaining.[24]

Finally, a showing of actual innocence is merely a "gateway" that permits review of the petitioner's underlying constitutional claims.[25] The Sixth Circuit does not recognize the existence of a free-standing actual innocence claim.[26]

**B.     Application of standards**

Initially, there is no doubt - and My concedes[27] - that his petition was filed beyond the one year statutory period. Specifically, the petition was filed March 11, 2016 but was due on June 17, 2015. As the State explains,[28] the Ohio appeals court affirmed My's conviction on direct appeal on May 1, 2014. He then had 45 days under Ohio law to file an appeal with the Supreme Court of Ohio, or until June 16, 2015, but did not do so.[29] Therefore, the

---

[23] *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also*, *Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006).

[24] *Bousley*, 523 U.S. at 624.

[25] *Schlup*, 513 U.S. at 316.

[26] *D'Ambrosio v. Bagley*, 527 F.3d 489, 498 n.6 (6th Cir. 2008).

[27] ECF # 15 at 2.

[28] ECF # 14 at 7 (citing record).

[29] *Gonzalez v. Thayer,* 565 U.S. 134, 150 (2012).

federal limitations statute began to run the next day, June 17, 2014, and expired one year later, June 17, 2015, absent any applicable tolling or other provisions of the law.[30]

While the running of the limitations statute is tolled during the pendency of any properly filed application for state post-conviction relief,[31] an untimely filed application is not considered to have been "properly filed" and so does not toll the limitations period.[32] Moreover, any filing made after the expiration of the limitations period does not result in creating a new limitations period.

In this matter, neither My's motion to file a delayed appeal with the Supreme Court of Ohio - filed on December 18, 2015 - nor the Rule 26(B) application to re-open his appeal filed with the Ohio appeals court on August 5, 2015, serve to restart or toll the limitations period which expired on June 17, 2015. Thus, I recommend finding that My is not entitled to statutory tolling of the federal limitations period.

As to equitable tolling, My argues that his failure to timely seek an appeal with the Supreme Court of Ohio was because he was not timely notified of the appellate court's decision and because of his unfamiliarity with the English language and the workings of the court system.[33]

---

[30] *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000).

[31] 28 U.S.C. § 2244(d)(2).

[32] *Pace v. DiGuglelmo,* 544 U.S. 408, 414 (2005).

[33] ECF # 15 at 2.

It is noted that although ineffective assistance of counsel may serve as a basis for equitable tolling of the habeas limitations statute, it is well settled that to be entitled to equitable tolling a petitioner must show that he took prompt action to pursue his appellate rights as soon as he was aware of any failure by his attorney in that respect.[34] Here, My asserts in a sworn affidavit to the Ohio Supreme Court that he asked his attorney about the results of his direct appeal on multiple occasions but that he did not learn about the May 2014 decision until mid-August of 2014.[35] But, even accepting that as true, it is also true that My took no action to seek a delayed appeal to the Supreme Court of Ohio until December 18, 2015, or well over one year since when he himself admitted he knew of the unfavorable decision of the state appeals court. I recommend finding that such a delay in seeking a delayed appeal does not meet the standard of diligence required for equitable tolling.[36]

As to his claim of actual innocence,[37] which could conceivably overcome his untimeliness,[38] I recommend finding that My has not demonstrated actual innocence by presenting any new reliable evidence showing that it is more likely than not that no

---

[34] *Stone v. Ohio*, 2015 WL 13358337, at * 2 (6th Cir. May 22, 2015)(citing *Johnson v. United States,* 544 U.S. 295, 308 (2005)).

[35] ECF # 14, Attachment 2 at 88.

[36] *Dudley v. Clipper*, 2014 WL 6896080, at * 8 (N.D. Ohio Dec. 8, 2014)(citing cases).

[37] *See*, ECF # 15 at 1.

[38] *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009)(citation omitted).

reasonable juror would have convicted him in light of the new evidence.[39] Rather, My's arguments for actual innocence essentially seek a re-weighing of the evidence or the credibility of witnesses.[40] Accordingly, I recommend finding that My is not entitled to toll the statute of limitations on the basis of actual innocence.

## Conclusion

Therefore, for the reasons stated above, I recommend granting the State's motion to dismiss the petition of My Van Tran for a writ of habeas corpus as being time-barred.[41] If this recommendation is adopted, I further recommend dismissing as moot My's objection to the State's filing of the state court record.[42]

Dated: August 18, 2017
s/ William H. Baughman, Jr.
United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[43]

---

[39] *Ross v. Berghuis*, 417 F.3d 552, 556 (6th Cir. 2005)(citation omitted).

[40] *See*, ECF # 10, Attachments 1, 2, 3, 4 (Supplement to Petition, Statement of My Van Tran).

[41] ECF # 14.

[42] ECF # 16.

[43] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).