**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **My Van Tran,** | ) | **CASE NO. 1:16 CV 637** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Ed Sheldon, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| | ) | |
| **Respondent.** | ) | |

## INTRODUCTION

This matter is before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. (Doc. 18), which recommends that this Court dismiss Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) and deny as moot Petitioner's Objection to Respondent's Filing of an Incomplete Record (Doc. 16). Petitioner has filed objections to the Report and Recommendation. For the reasons that follow, the Report and Recommendation is ACCEPTED.

## STANDARD OF REVIEW

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts

1

provides that the district court reviews *de novo* those portions of a report of a magistrate judge to which a specific objection is made. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985). The judge may accept, reject, or modify any proposed finding or recommendation.

**DISCUSSION**

Magistrate Judge Baughman concluded that Petitioner filed his petition outside the one-year statute of limitations for filing habeas petitions set forth in 28 U.S.C. § 2244(d) and that he was not entitled to either statutory or equitable tolling. The Ohio appeals court affirmed Petitioner's conviction on direct appeal on May 1, 2014. Petitioner then had forty-five days, or until June 16, 2014, to file an appeal to the Ohio Supreme Court, but he did not do so. Thus, the statute of limitations on Petitioner's federal habeas petition began running on June 17, 2014. *Keeling v. Warden, Lebanon Correctional Inst.*, 671 F.3d 452, 460 (6th Cir. 2012). Section 2242(d)(2) allows for statutory tolling of the limitations period during the pendency of properly filed motions for state post-conviction relief or other collateral review. Petitioner, however, did not file his motion for a delayed appeal with the Ohio Supreme Court until December 18, 2015, several months after the statute of limitations had expired on June 17, 2015. *See id.* Magistrate Judge Baughman, therefore, concluded that Petitioner is not entitled to statutory tolling. Petitioner does not address this portion of the Report and Recommendation in his objections. For the reasons stated herein and in the Report and Recommendation, the Court adopts the Magistrate Judge's conclusion that statutory tolling does not apply.

Magistrate Judge Baughman determined that Petitioner is not entitled to equitable tolling because he did not show that he pursued his rights diligently or that some extraordinary circumstance stood in his way that prevented timely filing. Specifically, Petitioner was aware of

the Ohio appeals court decision denying his appeal in August of 2014 but did not file his delayed appeal to the Ohio Supreme Court until more than a year later. Again, Petitioner does not address this portion of the Report and Recommendation in his objections. The Court adopts the Magistrate Judge's conclusion that Petitioner did not meet the standard of diligence required for equitable tolling.

Finally, Magistrate Judge Baughman determined that Petitioner is not entitled to equitable tolling on the basis of actual innocence. This exception "allows for equitable tolling if the petitioner presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." *Turner v. Romanowski*, 409 Fed. App'x 922, 926 (6th Cir. 2011) (internal quotations omitted). The exception only applies if it is "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Id.* A petitioner must present "new reliable evidence ... that was not presented at trial" to raise a credible claim of actual innocence. *Souter v. Jones*, 395 F.3d 577, 591 (6th Cir. 2005). On review of Petitioner's submissions, including his objections, the Court finds that the Magistrate Judge correctly concluded that Petitioner has not submitted any new reliable evidence such that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.

**CONCLUSION**

For the reasons discussed above and in the Report and Recommendation, which is incorporated herein by reference, the Report and Recommendation of Magistrate Judge Baughman recommending dismissal of Petitioner's pending Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is accepted. Because the petition is untimely, Magistrate Judge Baughman also correctly determined that Petitioner's Objection to Respondent's Filing of

an Incomplete Record (Doc. 16) must be denied as moot. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 11/6/17